IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

BARBARA HUPP,

                Plaintiff,

v.                                                  CIVIL ACTION NO. 6:05-cv-00732

FIRST CARE SERVICES, INC.,
a West Virginia corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's motion to remand [Docket 7] and the plaintiff's motion to stay [Docket 10] the schedule established by this court's September 25, 2005 Order and Notice [Docket 6]. For the reasons explained herein, the court **DENIES** the motion to remand and **DENIES AS MOOT** the motion to stay.

*I. Background*

The plaintiff, Barbara Hupp, worked as a designated care coordinator for the defendant, First Care Services, Inc., beginning on January 27, 2001. On May 1, 2003, Ms. Hupp suffered an "on-the-job" injury as defined by West Virginia law and began receiving workers compensation benefits. After returning to work, the plaintiff allegedly had to stop working in November 2003 because of her injuries. The plaintiff then requested that a claim for temporary total disability be opened. In February 2004, however, Ms. Hupp received a letter from her health insurance provider explaining the defendant had terminated her employment on January 16, 2004.

As a result of these events, Ms. Hupp brought suit in West Virginia state court alleging discrimination pursuant to three West Virginia statutes: two workers compensation statutes (West Virginia Code sections 23-5A-2 and 23-5A-3) and the West Virginia Human Rights Act (West Virginia Code section 5-11-1). The defendant removed the suit based on this court's federal question jurisdiction by alleging that two of the three statutes the plaintiff claimed relief under are preempted by the Employee Retirement Income Security Act (ERISA). The plaintiff's pending motion to remand asserts that none of the statutes are preempted by ERISA. The court disagrees.

*II. Removal*

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2000). "One category of cases of which district courts have original jurisdiction are 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). The Supreme Court has "long held that 'the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). In this case, the defendants argue that a federal question exists and federal jurisdiction is proper because ERISA completely preempts the plaintiff's claims.

*III. ERISA Preemption*

ERISA preempts two of the plaintiff's three claims. First, the plaintiff asserts a claim under the workers compensation discrimination provision in West Virginia Code section 23-5A-2. ERISA preempts this statute. *Fixx v. United Mine Workers of Am.*, 645 F. Supp. 352, 355 (S.D.W. Va. 1986). In *Fixx*, another judge in this district explained that this provision directly relates to plan benefits despite its placement in the state's general workers compensation statute. *Id*. In deciding that section 23-5A-2 was preempted, the court explained that the provision was similar to Connecticut, New Hampshire, and New Jersey laws that were preempted by ERISA. *Id.* at 354; *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981); *Stone & Webster Eng'g Corp. v. Ilsley*, 690 F.2d 323, 330 (2d Cir. 1982); *Dawson v. Whaland*, 529 F. Supp. 626, 629 (D.N.H. 1982). This court finds Judge Haden's *Fixx* opinion and the opinions of other federal courts construing statutes similar to the one at bar to provide ample authority to determine that ERISA preempts Ms. Hupp's claim under section 23-5A-2.[1]

The plaintiff also claims handicap discrimination under the West Virginia Human Rights Act. Although this claim was initiated under state law, it appears that Ms. Hopp could have brought the claim under ERISA in federal court. Ms. Hopp cannot seek recovery under state law that she would not be entitled to receive under ERISA for damages arising from her membership in a benefit plan. *See Callison v. Charleston Area Med. Ctr., Inc.*, 909 F. Supp. 391, 394 (S.D.W. Va. 1995) (finding ERISA preempted the plaintiff's state claims for disability and other fringe benefits that were allegedly due her as a member of the benefit plan provided by the Charleston Area Medical

---

[1] The court agrees with the defendant that *McCutcheon v. Valley Rich Dairy*, 81 F. Supp. 2d 657 (S.D.W. Va. 2000), a case heavily relied on by the plaintiff, is easily distinguishable from the case at bar because of its focus on section 23-5A-3, not 23-5A-2.

Center). The mere fact that this court could have concurrent jurisdiction with the state court to decide the handicap discrimination does not require remand. *Id.* Congress expressly must provide for nonremovability to prevent removal in cases where federal and state courts have concurrent jurisdiction. *Whitfield v. Fed. Crop Ins. Corp.*, 557 F.2d 413, 414 (4th Cir. 1977).

The court notes that the plaintiff's remaining claims form part of the same case or controversy as the claims preempted by ERISA, which allows the court to retain jurisdiction over those claims as well. The court has considered both parties' requests for attorneys' fees and declines awarding attorneys' fees to either party. For the reasons explained above, the court considers the plaintiff's assertion that "[e]ven the most cursory research should have revealed that there was no basis for the removal of this action" to be untrue.

### *IV. Conclusion*

Accordingly, the court **DENIES** the plaintiff's motion to remand to the Circuit Court of Wood County, West Virginia, and **DENIES AS MOOT** the plaintiff's motion to stay.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 17, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE